### DAVIS v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11815. Decided Sept 21, 1931

Ganger & Kearns, Cleveland, for Davis.

H. H. Burton, N. A. Ryan, and E. H. Beers, Cleveland, for the State.

VICKERY, J.

We do not think under the evidence as it is produced in this case that it was necessary for the officers to procure a search warrant. If we understand the law properly it is the duty of police officers, whenever they see a misdemeanor or offense against the law being committed, to arrest the offenders and to prevent the carrying out of the crime.

Sec 13432-1 GC. Officer May Arrest on View.

"A sheriff, deputy sheriff, constable, marshal, deputy marshal, watchman or police officer, herein designated as 'peace officer,' shall arrest and detain a person found violating a law of this state, or an ordinance of a city or village, until a warrant can be obtained."

If the officers had to go for a search warrant, in many cases,—especially where no property is involved or anything is to be used in evidence and certainly in the case of persons who are violating the law and living in a state of prostitution in a house for that purpose,—the persons would not be there and the ends of justice could be easily defeated by forcing officers to get a search warrant.

After all the question is, was this house at that time being used for the purpose of prostitution, and was Maude Davis keeping this house knowing it to be used for prostitution? If it were a house of prostitution and was being used for that purpose, and if Maude Davis knew this fact, then it had ceased to remain a private residence. It was a house of business, no matter how nefarious that business might be, and it was the duty of the officers, if they were convinced and satisfied that the illicit relations were going on between men and women in this house and that this woman was the keeper of that house for lewd purposes, where she had women occupy rooms for the purpose of prostituting their bodies for hire, to enter the house and arrest the proprietor, for it was a violation of the statute and she was not entitled to any consideration so far as getting out a search warrant was concerned.

We think the record shows without any question that this house was under the control of Maude Davis; that it was being used

at the time of the arrest of these girls as a house of prostitution; that she was the keeper of the house and that she knew that it was being used for the purpose of prostitution; that she received not only the rent from the girls for rooming there, but she also received one-half of the proceeds that these girls took from the men who were their visitors.

There cannot be any question but what the court properly analyzed and properly decided this case.

There is no error in this record which would warrant us in disturbing the judgment of the court below. It will, therefore, be affirmed.

LEVINE, PJ, and WEYGANDT, J, concur.